UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**REGINALD T. ALLEN,**

    **Plaintiff,**

    v.

                              **Civil Action 2:10-cv-01118**
                              **Judge James L. Graham**
                              **Magistrate Judge E.A. Preston Deavers**

**ROBIN KNAB,** *et al.,*

    **Defendants.**

### REPORT AND RECOMMENDATION

The Court conducted its initial screen of Plaintiff's Complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A on May 4, 2011, causing Plaintiff's Complaint to be filed on that date. (ECF No. 7.) To date, Plaintiffs have not effected service of process as required by Federal Rule of Civil Procedure 4(m). On September 12, 2011, the Court ordered Plaintiff to show cause within fourteen days why the Court should not dismiss the action and why the Court should allow an extension of time to effect service. (ECF No. 9.) Plaintiff has not responded to the Court's Show Cause Order.

The record reflects that the Show Cause Order was returned as undeliverable. (ECF No. 10.) Although it appears that Plaintiff may no longer be incarcerated at the Chillicothe Correctional Institution, he has not provided the Court with an updated address. As the Court noted in the Show Cause Order, Plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* Plaintiff's] address changed, she had an affirmative duty to supply the court

with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

The undersigned, therefore, **RECOMMENDS** that the Court dismiss this action without prejudice pursuant to Rule 4(m) for failure to timely effect service of process.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: October 5, 2011                                        /s/ *Elizabeth A. Preston Deavers*
                                                                        Elizabeth A. Preston Deavers
                                                                        United States Magistrate Judge